IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD N. SAYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:11-CV-461 |
| ) | |
| DR. T. ALLEN, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This matter is before the Court on the "Request for Protective Custody," filed by Richard N. Sayles, a *pro se* prisoner, on April 27, 2012. (DE #27.) For the reasons set forth below, the request (DE #27) is **DENIED**, and the Clerk is **DIRECTED** to send the plaintiff a blank Prisoner Section 1983 Complaint Form.

BACKGROUND

Richard N. Sayles, a *pro se* prisoner, filed this action on December 1, 2011. (DE #1.) On February 1, 2012, the Court granted him leave to proceed on one claim, specifically, a claim against Dr. T. Allen, a psychologist at Westville Correctional Facility ("Westville"), for events occurring between April 8, 2010, and April 19, 2010. (DE #11.) A scheduling order was recently issued setting deadlines for conducting discovery and filing dispositive motions. (DE #28.) On April 27, 2012, Sayles filed a one-page document entitled, "Request for Protective Custody," which the

Court construes as a request for preliminary injunctive relief. (DE #27.)

DISCUSSION

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

In his motion, Sayles complains that he was held in a strip-cell at the direction of Dr. Allen from April 12, 2012, to April 17, 2012, during which time he did not have adequate clothing and other items. (DE #27.) He also complains that the guards mistreated him during this period by ridiculing him and keeping him up during the night. (*Id.*)

Sayles requests that this Court order him to be held in "protective custody," but it is not clear what he is seeking. His motion indicates that he is already being housed in Westville's segregation unit, and it is not clear what other type of "custody"

is available to him. Where best to house Sayles is a decision committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Furthermore, Sayles does not describe the circumstances leading to his detention in the strip-cell, but there is no basis for concluding (other than his conclusory assertion) that it was done for some improper purpose, rather than out of concern for Sayles' own health or safety. It is clear from Sayles' prior filings that he is under the care of mental health providers for mental illness, including taking psychiatric medication. (*See* DE #7.) Sayles also does not demonstrate any current risk to his health or safety, as it is clear from the motion that he is no longer being housed in the strip-cell. (*See* DE #27.)

More fundamentally, however, Sayles has no chance of success on the merits of an injunctive relief claim pertaining to events occurring in April 2012, because in this case he is only proceeding on a claim for compensatory damages over events occurring in 2010. (*See* DE #11.) If Sayles believes that Dr. Allen has violated his constitutional rights in some additional way, he has not sought leave to add any such claim to his complaint, nor is it clear that he should be permitted to do so at this stage. To the extent Sayles is complaining about actions taken by the guards at Westville, they are not parties to this case. If Sayles believes he is being mistreated by the guards, he is free to initiate a

separate lawsuit against them subject to all the usual constraints of the Prison Litigation Reform Act. However, he cannot bring unrelated claims against unrelated defendants in one lawsuit. *George v. smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court will direct the clerk to send Sayles a blank complaint form, although the Court offers no opinion about the wisdom of pursuing this course or the merits of any potential claim he may have.

CONCLUSION

For the reasons set forth above, the "Request for Protective Custody" (DE #27) is **DENIED**, and the Clerk is **DIRECTED** to send the plaintiff a blank Prisoner Section 1983 Complaint Form.

**DATED: May 29, 2012**                    /s/ RUDY LOZANO, Judge
                                           **United States District Court**