# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD N. SAYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:11-CV-461 |
| ) | |
| DR. THOMAS ALLEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a document labeled, "Complaint," filed by Richard N. Sayles, a *pro se* prisoner, in this closed case. (DE #62.) Sayles appears to seek reconsideration of the final judgment in favor of the defendant, Dr. Thomas Allen.

The facts underlying this case were fully set forth in the final opinion and order and will not be repeated here, except as is relevant to the present motion. (*See* DE #60.) In December 2012, Dr. Allen moved for summary judgment, and despite being given notice of the motion, Sayles did not file any response. (DE ##48, 50.) Summary judgment was entered in favor of Dr. Allen on February 19, 2013. (DE #60.)

In the present motion, Sayles takes issue with that ruling, also claiming the Court denied him an opportunity to be heard. (DE #62.) Sayles executed his motion on March 29, 2013 (DE #62 at 3), which is beyond the 28-day deadline for seeking reconsideration under FEDERAL RULE OF CIVIL PROCEDURE 59(e). Accordingly, his motion

must be analyzed under the more stringent standards of RULE 60(b), which provides for relief from judgment due to mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b). RULE 60(b) is an extraordinary remedy that is granted only in "exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Here, Sayles disputes several factual matters referenced in the final order. However, he does not offer any grounds for excusing his failure to timely respond to the motion for summary judgment, nor does he submit the assertions contained in his motion in the form of an affidavit. Several of the issues he raises pertain to tangential matters, such as what he meant when he stated in one of his filings that the attorneys and others involved in this case should be "assasonated," and whether he used racial slurs towards another doctor at the facility.[1] (DE #62 at 1-2.) None of these matters were critical to the judgment, and there is no need to pursue them further.

Sayles also argues that he was never actually suicidal, and that Dr. Allen was therefore not justified in housing him under suicide watch. As was fully explained in the final order, Dr.

---

[1] Sayles claims he invented the term "assasonated under contract," which to him means "an aggressive form of prosecution characteristically and vocationally." (DE #62 at 1.) Regarding the racial slur, Sayles does not expressly deny making the statement attributed to him in the final order, but suggests that he was under duress at the time because "he was in pain and [Dr.] Thompson knew it." (*Id.* at 2.)

2

Allen's well-supported professional opinion was that Sayles posed a risk of suicide. (DE #60.) Sayles did not, and still has not, offered contrary evidence to show that Dr. Allen violated his Eighth Amendment rights in connection with these events.

Sayles also suggests that the Court failed to rule on several of his motions during the pendency of this case, including a motion to compel. (DE #62 at 1.) The docket reflects that Sayles's many motions were promptly ruled on in this case. (*See* DE ##10, 15, 16, 24, 29, 33, 36, 41.) To the extent he is referencing his motion to compel medical records from a third-party hospital, that motion was denied as unnecessary because defense counsel obtained the documents and voluntarily provided a copy to Sayles. (DE ##38, 41, 52.) Moreover, if Sayles believed the Court failed to properly address one of his filings, or if he otherwise felt he needed additional discovery to respond to the motion for summary judgment, he could have raised that issue prior to the entry of judgment. *See Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1336 (7th Cir. 1992) (post judgment motion "cannot be used to raise new arguments which could and should have been raised before judgment was entered."). Even so, he still has not made a clear argument as to how any additional documents would have undercut Dr. Allen's professional opinion regarding his mental state at the time of these events. In short, there is no basis in the motion to disturb the judgment.

For the reasons set forth above, the plaintiff's post-judgment

motion to reconsider (DE #62) is **DENIED**.


**DATED: April 17, 2013**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**